No. 82-313

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF
SHERYLE JO RICHARDSON,

Petitioner and Respondent,

and

WAYNE LYNN RICHARDSON,

Respondent and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Ronald MacDonald, Missoula, Montana
Datsopoulos, MacDonald & Lind, Missoula, Montana

For Respondent:

Terry Wallace, Missoula, Montana

Submitted on briefs: December 2, 1982

Decided: February 4, 1983

Filed: FEB 4 1983

*Ethel M. Harrison*
_____    _____
                                    Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

On April 2, 1982, the District Court of the Fourth Judicial District issued findings of fact, conclusions of law and an order finding the parties' original decree of divorce unconscionable and modifying that decree. Wayne Lynn Richardson now appeals the modifications of the original decree.

Sheryle Jo and Wayne Lynn Richardson were married on June 3, 1966. Five children were born to the couple during their marriage. A petition for dissolution of the marriage was filed by Sheryle on January 12, 1979. The parties entered into a voluntary separation agreement on February 26, 1979, which settled their property rights and other marital concerns and obligations. The agreement was incorporated into the final decree of dissolution, also dated February 26, 1979.

The clauses of the separation agreement relevant to this appeal are:

"XVII.

Child Support: Commencing on the 10 day of March, 1979, Second Party [husband] agrees to pay to First Party [wife] as and for support and maintenance of the children, the sum of One Hundred and No/100 Dollars ($100.00) per month, per child, said payments to continue until each child shall have gained majority, or become emancipated, married, or die, whichever occurs at an earlier date, and upon the occurrence of such an event, no subsequent payment shall be made. All payments to be made hereunder shall be made through the Office of Clerk of Court.

XVIII.

Maintenance: Commencing on the 10 day of March, 1979, Second Party agrees to pay to First Party as and for her maintenance the sum of Five Hundred and No/100 Dollars ($500.00) per month, said payments to continue until First Party shall remarry, die, or until the youngest child of the parties shall reach the age of eighteen years, whichever occurs at an earlier date, and upon the occurrence of such

2

event no subsequent payment shall be made . . . "
(emphasis supplied.)

Sheryle Richardson remarried on November 14, 1981. At that time, her child support payments had increased to approximately $126.00 per month, per child, or $629.00 per month. The maintenance payments had also increased to $629.00 per month. The maintenance payments ceased upon her remarriage. Subsequently, Sheryle filed a motion to increase her child support payments on the grounds that her $629.00 per month decrease in income made the child support payments unconscionable.

A hearing was held February 3 and February 8, 1982, following which the child support payments were increased to $225.00 per month, per child. The increase in child support is approximately equivalent to the maintenance payments lost due to the remarriage.

In appealing this increase, Wayne Richardson presents this Court with the following issue:

Is the remarriage of a former spouse, which by the terms of the Decreee terminates maintenance, a substantial change in circumstances allowing for an increase in the child support payments?

We hold that in this particular case, it is and affirm the decision of the District Court.

We have repeatedly held in dissolution cases that the findings of the District Court will not be overturned unless clearly erroneous. Tidball v. Tidball (1981), ____ Mont. ____, ____, 625 P.2d 1147, 1150, 38 St.Rep. 482, 485. The decision of the District Court to increase the child support payments was not clearly erroneous.

Sheryle voluntarily remarried and thus forfeited her maintenance payments. The District Court is not forbidden

from considering voluntary reductions of income as a reason for modifying child support payments. In Rome v. Rome (1981), ____ Mont. ____, 621 P.2d 1090, 38 St.Rep. 50, we held that the District Court may consider an ex-husband's voluntary reduction of income when determining whether child support payments should be lowered. In Rome, we stated:

> "Although we hold that a reduction in ability to pay brought about through a voluntary change in circumstances is not, in itself, sufficient to mandate a modification of support, neither do we approve the view that self-imposed changes can never be considered as reasons for modification. The better approach is to allow the judge to consider the nature of the changes and the reasons for the changes, and then to determine whether, under all the circumstances, a modification is warranted." Supra, ____ Mont. at ____, 621 P.2d at 1092, 38 St.Rep. at 52.

Here, the District Court judge considered all the circumstances before determining that a modification was warranted. The undisputed findings indicate that Sheryle's current income is approximately $680 per month, including $523 per month from her current husband's income. Disregarding her current husband's income, Sheryle Richardson lost $629 per month when she remarried. In comparison, Wayne's gross personal income for 1981 was nearly $57,000, or $4800 per month.

Further, it is apparent from the maintenance clause of the 1979 separation agreement that maintenance was to be used, in part, for support of the children. The clause specifically provides that if Sheryle does not die or remarry prior thereto, her maintenance payment will cease when the youngest child of the parties attains the age of eighteen. Here there is a recognition of greater need for maintenance during the time the children must be supported.

4

Irrespective of our view of the proof, there is substantial credible evidence to support the District Court and therefore, the order modifying payments is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

5