No. 84-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF
SHERYLE JO RICHARDSON,

Petitioner and Appellant,

and

WAYNE LYNN RICHARDSON,

Respondent and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry A. Wallace, Missoula, Montana

For Respondent:

Datsopoulos, MacDonald & Lind; Dennis E. Lind,
Missoula, Montana

---

Submitted on Briefs: Nov. 20, 1984

Decided: January 2, 1985

Filed:    JAN 2 - 1985

*Ethel M. Harrison*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from an order of the Fourth Judicial District Court, Missoula County, amending the support provisions of the Richardsons' settlement agreement and decree. We affirm in part and reverse in part.

The Richardsons divorced in 1979. Their separation agreement and ultimately the decree included a provision for child support and maintenance and an escalation clause requiring yearly cost of living increases in the support and maintenance payments. Sheryle Richardson remarried in 1981 and, as provided in the agreement, maintenance payments terminated. In March 1982 Sheryle successfully petitioned for an increase in child support. This Court affirmed the increased award. See In re Marriage of Richardson (Mont. 1983), 658 P.2d 398, 40 St.Rep. 155.

The couple's present dispute involves Wayne Richardson's choice of base month for calculation of cost of living increases. The agreement requires that calculation of increases be made using February 1979 as the base date. When, in March of 1982, the court ordered an increase in support amount, Wayne adopted the effective date of the increase as the base date for the entire cost of living calculation. In 1983, Sheryle again petitioned the District Court. The court initially ordered use of the 1979 date but, upon Wayne's motion for reconsideration, reversed and ordered use of the 1982 date. Sheryle appeals.

The sole issue on appeal is whether the District Court abused its discretion in modifying the cost of living clause of a settlement agreement where the court had previously

2

increased the amount of child support provided for in the agreement.

Sheryle first contends that the District Court abused its discretion in amending an essential part of the parties' property settlement agreement and, alternatively, that the court modified the agreement's support provisions without a finding of substantial change in circumstances. Wayne, as respondent, argues that the court's order did not amount to an actual modification of his support obligations and that, in any event, there was substantial credible evidence to support the court's conclusion.

I

The property disposition provisions of a dissolution decree may only be modified where the parties give their written consent or where the agreement is subject to rescission or modification under the general laws governing all contracts. Section 40-4-208(3), MCA. In Washington v. Washington (1973), 162 Mont. 349, 512 P.2d 1300, we held that, where monthly payments are intended to be part of a property settlement, the payments are not subject to modification as maintenance.

The escalation clause at issue specifically provides for cost of living increases in "maintenance and child support" payments. The maintenance and support provisions, themselves, are clearly separate from those governing the distribution of the couple's real and personal property. Maintenance payments terminated upon Sheryle's remarriage. We need only answer the question of whether the support provisions are intended as part of a property settlement. In Richardson I, Sheryle argued that the child support provision

3

was not an integral part of the property settlement and accordingly was subject to modification upon a showing of change in circumstances. We will not now hold to the contrary in respect to the escalation clause governing the amount of child support.

The support provision and accompanying escalation clause were intended to provide ongoing, adequate support for the Richardson children. See Richardson, 658 P.2d at 400. They were not intended as time payments of a total fixed amount made in exchange for Sheryle's ownership interest in marital property. Compare Washington, 512 P.2d at 1302-1303, (finding "alimony" payments of $750 per month for nine years to be an inseparable part of a property settlement where neither the wife's remarriage nor the husband's death terminated the obligation undertaken by the husband in exchange for the wife's interest in corporate assets).

In response to appellant's first contentions, we hold that the child support provisions and escalation clause were not part of a property settlement and accordingly were subject to modification by the District Court.

II

Appellant is, however, correct in her second contention; the terms of a support agreement may not be modified without a finding that substantial changes make the terms unconscionable. The child support provisions of a dissolution decree may not be retroactively modified. They may only be prospectively modified by written consent of the parties or upon a showing that changed circumstances make the terms unconscionable. Section 40-4-208(1), (2)(b), MCA. The escalation clause is clearly a provision "relating to

4

maintenance or support" and, as such, is subject to modification under the terms of section 40-4-208, MCA.

The trial court, in its original order, found that the increased obligation placed no unreasonable burden on Wayne. The court based its final order on its conclusion that it "equitably should have" adjusted the base month when it amended the amount of support. Sheryle argues that, since there was no evidence of unconscionability, the court was without power to modify the terms of the decree. Wayne argues that the court's intimation, that failure to adjust the base month was inequitable, adequately approximates the modification provision's "unconscionable."

The question of unconscionability is only relevant to prospective modifications. Use of the amended _amount_ of support in the original calculation creates an impermissible _retroactive_ modification of support. Section 40-4-208(1), MCA. To the extent that cost of living increases are attributable to the court-ordered increase in support payments, March 1982--the date of the amended award--must be used as the base month of calculation.

The escalation clause at issue provides that the calculation of increase be made as follows:

> "The Consumer Price Index for the month of February, 1979, shall be subtracted from the Consumer Price Index for the month immediately preceding the month in which the increase of child support and maintenance is calculated (November). The resulting increase in Consumer Price Index points shall be divided by the Consumer Price Index for the month of February, 1979, and the result obtained shall be the percentage increase in the Consumer Price Index. This percentage increase in the Consumer Price Index shall be multiplied by the factor of .75 and the result obtained shall be the percentage by which maintenance and child support provided in the preceding two

5

paragraphs shall be increased for the
succeeding year."

The Richardsons' agreement and decree provided for $100 per month support for each of the five Richardson children and $500 per month maintenance payment. Wayne's total obligation in the base year amounted to $1,000 per month. Maintenance payments terminated in 1981. By 1981, Wayne's maintenance payments had been increased, by the terms of the agreement, to $629 per month. The court-ordered "increase in child support [from $100 to $225 per child, per month, was] approximately equivalent to the maintenance payments lost due to the remarriage." Richardson, 658 P.2d at 399. The additional $125 per month, per child, yielded a total of $625--a sum nearly equal to the after escalation, 1981 monthly maintenance obligation.

In order to comply with Sheryle's proposed interpretation of the terms of the escalation provision, the full $225 support amount would have to be plugged into the calculation. The result is a prohibited retroactive use of the 1982 court-ordered $125 increase. "[A] decree may be modified by a court as to . . . support only as to installments accruing subsequent to the motion for modification." Section 40-4-208(1), MCA. Since the modification order took into account the 1978 through 1981 cost of living adjustments to maintenance payments, the calculation also results in twice indexing the portion of the support amount attributable to the 1982 recharacterization of the maintenance payments.

If we adopt Wayne's selection of base dates, a prospective modification is achieved without a finding that substantial changes in circumstances make the terms of the decree unconscionable. Where the trial court expressly found that

6

the support obligation placed no undue burden on Wayne's resources, we cannot accept Wayne's contention that equitable considerations amount to a finding of unconscionability.

The present value of the original $100 support amount, indexed from February 1979 is $134.77. If the March 1981 date is used, the present per child support obligation is reduced to $105.30 per month. While the reduction is a permissible, prospective modification, the trial court was without power to order the modification without a finding of changed circumstances.

In Richardson I, we affirmed an increase in child support intended to replace the 1981 value of payments characterized as maintenance but intended, in fact, as support. Although we did not expressly address the question of correct base date for indexing, the clear intent of our decision was that the Richardson children continue to receive the support amount provided them by their parents' agreement. See Richardson, 658 P.2d at 399-400. Our earlier opinion recognized that Wayne's 1981 support per child obligation had increased to $126 per month. The ordered increase was intended to replace the terminated maintenance and provide an additional $125 per month. We now make explicit what was implicit in our prior holding: the original $100 amount is to be separately indexed from the date originally chosen by the parties, February 1979; the $125 increase is to be indexed from the month in which the increase was ordered, March 1982. [As noted above, when the maintenance amount was, in effect, converted to child support, the 1979-1981 cost of living adjustment was already included in the ordered support amount.]

7

In order to avoid either prospective or retroactive modification of the support award, present and future payments shall be calculated in the following manner:

(1) The February 1979 CPI shall be used to calculate the cost of living increase on the original $100 support amount.

(2) The March 1981 CPI shall be used to calculate the increase on an additional $125.

(3) The sum of the two is the amount due per month per child.

The calculation yields a per child monthly support payment of $260 for 1983 and $266 for 1984. (The figures are based on CPIs of 207.1 for February 1979, 283.1 for March 1982, 293.6 for November 1982, and 303.1 for November 1983.)

The cause is remanded for proceedings in accordance with this opinion. Each party will bear his or her own costs.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

8