No. 88-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

VIOLET M. HANKINSON, and JOSEPH
E. HANKINSON, Mother and son,

        Plaintiffs and Appellants,

   -vs-

CARTER PICOTTE, JR., and GENE A. PICOTTE,
P.C., a Montana Professional Corporation,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry Jent, Bozeman, Montana
William A. Bartlett; Wellcome, Frost & Bartlett,
Bozeman, Montana

    For Respondent:

        William D. Jacobsen; Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana

---

Submitted on Briefs:  Sept. 9, 1988

Decided:  December 13, 1988

Filed: FILED '89 DEC 13 PM 12 26 CLERK MONTANA SUPREME COURT

Filed:

*Ethel M. Harrison*

---

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Violet M. Hankinson and Joseph E. Hankinson, mother and son, appeal from a judgment of dismissal with prejudice of their complaint against Carter Picotte, Jr. and Gene A. Picotte, P.C., a Montana professional corporation. The judgment of dismissal was entered on March 30, 1988 in the District Court, Fifth Judicial District, Jefferson County.

The decisive issue in the cause is whether, when a district court orders a dismissal of a complaint for failure to state a claim, a notice of entry of judgment must be served to start the time running for appeal. We hold that such notice must be served under the facts of this case.

Joseph Hankinson, a self-employed independent trucker, was in a motor vehicle accident in November, 1984. Since he was required to be on the road and was seldom at home, he gave the telephone number of his mother, Violet Hankinson, and her address to the police in case there was need for further contact with him.

On the evening of December 12, 1984, Violet Hankinson received a telephone call from a person who did not identify himself, who asked to speak to Joe Hankinson. When she informed him that Joe was not there, the caller responded by saying, "Tell him to contact me within 24 hours or I'll have the Chicago mob beat him up and kill him."

Violet reported the telephone call to the police who came to her residence to investigate. While they were there, at about 9:30 p.m. on the same day, a second call came from the individual. He identified himself as Carter Picotte, repeated his threats, and left a phone number where he could

be reached. The Belgrade police officers are reported to have taped the second telephone call.

On July 26, 1985, Violet Hankinson and Joseph brought an action against Carter Picotte, singly, wherein Joseph claimed compensatory damages for lost earnings because he avoided several jobs out of fear of bodily injury; and Violet Hankinson claimed damages for invasion of privacy, and extreme emotional trauma.

Hankinsons' action was ordered dismissed on a Rule 12(b) motion on December 30, 1986. Neither Carter Picotte nor his attorney filed a notice of entry of judgment. The Hankinsons did not appeal the order of dismissal, but several months later hired new counsel who successfully moved the District Court for an order allowing an amendment of the complaint.

The order of the District Court granting leave to file an amended complaint was dated December 31, 1987. The amended complaint was based on four theories of liability: negligence, negligent supervision, outrageous conduct, and deception by an attorney under § 37-61-406, MCA. The amended complaint also brought into the action Gene A. Picotte, P.C., as an additional defendant on the grounds that when Carter Picotte made the telephone call he was an employee of Gene A. Picotte, P.C. The order of December 31, 1987 required that the professional corporation be served with a copy of the amended complaint and with summons.

The first amended complaint is not a part of the court record. Instead, a second amended complaint was filed by the plaintiffs, and service of the second amended complaint and summons was effectuated on the professional corporation, as far as the court records reveal, on February 17, 1988.

Both Carter Picotte and the professional corporation made motions to dismiss the second amended complaint. Carter's motion was based on the grounds of res judicata,

that the order of dismissal of the original complaint had become final by failure of the Hankinsons to appeal. The motion of the professional corporation to dismiss was grounded on collateral estoppel based on failure to appeal. Both parties contended that because of the failure to appeal, the order of dismissal of the original complaint had become final and the District Court lacked subject matter jurisdiction once the order became final.

The District Court entered a judgment of dismissal with prejudice of all claims against the defendants Carter Picotte and the professional corporation on March 30, 1988. In entering judgment, the District Court held that the order of dismissal of December 30, 1986 was an appealable order, and the failure to make a timely appeal from the order of dismissal made the order final and operated as an adjudication upon the merits as far as Carter Picotte was concerned. The District Court further reasoned that the dismissal of claims against Carter Picotte collaterally estopped the Hankinsons from raising the same issues against the professional corporation. The Hankinsons have appealed from the judgment of dismissal of March 30, 1988.

Under Rule 77(d), Montana Rules of Civil Procedure, notice of entry of judgment must be served by the prevailing party upon all parties who have made the appearance in the cause.

It is the filing of the notice of entry of judgment that begins the running of the time limitations for filing a notice of appeal. Morrison v. Higbee (1983), 204 Mont. 501, 668 P.2d 1029. If no notice of entry of judgment had been served upon the losing party, the right to appeal has not expired. Haywood v. Sedillo (1975), 167 Mont. 101, 535 P.2d 1014.

Unless post-trial motions are made by the losing party under Rule 52 or 59, Montana Rules of Civil Procedure, the losing party is not required to adhere to the 30 day period for filing a notice of appeal until proper service of notice of entry of judgment is made. Pierce Packing Co. v. District Court (1978), 177 Mont. 50, 579 P.2d 760. And this rule applies to orders which may become final as well as to judgments. In the Matter of Holmes' Estate (1979), 183 Mont. 290, 599 P.2d 344.

In this case, with no notice of entry of judgment served under Rule 77, and no post-trial motions under Rules 52 or 59, the time for appeal did not begin to run, the order of dismissal of the original complaint did not become final, and the District Court had jurisdiction on December 31, 1987, to grant leave to file an amended complaint. The District Court had not lost subject matter jurisdiction.

The judgment of dismissal of the second amended complaint must therefore be reversed. There is however an additional fact to be considered by the District Court on remand regarding the claim against the professional corporation.

The actions of Carter Picotte giving rise to the claimed liability occurred on December 12, 1984. The professional corporation was not served with summons and complaint, as far as the court records show, until February 17, 1988. In the answer of the professional corporation to the second amended complaint, affirmative defenses based upon various statutes of limitations have been raised. The claim against the professional corporation may be barred by the limitations statutes, unless the amended complaint relates back to the date of the original pleading under Rule 15(c). When a pleading is amended, and an additional party brought in by the amendment, the amended pleading does not relate back to

- 5 -

the original pleading as against the additional party unless he (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining a defense of the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

We therefore reverse the judgment of dismissal with prejudice against Carter Picotte and the professional corporation. The District Court is directed on remand to determine whether the amended pleading relates back to the original pleading as against the defendant professional corporation. We make no comment as to other issues raised in the briefs or under the pleadings, leaving those to be handled if need be by the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices