No. 88-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

IN RE THE MARRIAGE OF
PATTI JEAN ROBERTSON,

       Petitioner and Appellant,

  and

RICK LEE ROBERTSON,

       Respondent and Respondent.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cameron Ferguson; Hartelius, Ferguson & Baker, Great
Falls, Montana

    For Respondent:

        Barbara Bell; Bell & Marra, Great Falls, Montana

---

Submitted on Briefs:  Feb. 23, 1989

Decided:  May 18, 1989

Filed:

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Eighth Judicial District, Cascade County, which modified the decree of dissolution relating to maintenance for appellant. We reverse and remand.

The principal issue raised by Patti Jean is whether a district court may modify maintenance provisions for a wife, where the district court has approved and incorporated in the decree a property settlement agreement presented by the parties. We hold here that the District Court has no such power and so reverse. The specific provisions of the property settlement agreement here are important to our holding.

Patti Jean Robertson, appellant, and Rick Lee Robertson were married on June 24, 1983, in Great Falls. On April 28, 1985, their only child, a son was born. A petition for dissolution was filed by appellant on April 10, 1986. A decree of dissolution of marriage was granted on December 18, 1986 on the grounds that the marriage was irretrievably broken and that there was serious marital discord which adversely affected the attitudes of both parties. A property settlement, executed on September 19, 1986 was approved and incorporated into the decree. Although the parties agreed to joint custody of their child, the mother had physical custody and primary care of the child. The father had rights to visitation which he had the option of exercising.

The decree provided for the support and maintenance of the child as follows:

> 4. SUPPORT: Wife contemplates that for the next four years she will be attending the University of Montana in Missoula, Montana. With the college

education and degree, Wife contemplates that she will then be able to obtain a much higher paying job then [sic] she could obtain at the current time. Husband agrees to pay wife $500 per month for the next four years while she is attending school plus an additional period of six months following her graduation at the end of the fourth school year to allow her time to find good employment after graduating and set up a household in the location where she will be working. $250 per month of this $500 per month shall be spousal maintenance. The other $250 per month shall be child support. At the end of six months after Wife graduates, husband shall be required to pay $250 per month as child support. There shall be no further spousal maintenance obligation . . . .

The parties are agreed that there are no issues relating to the right of the spouse to the child support payments set forth in the property settlement agreement.

The decree additionally contains the following provisions:

5. PROPERTY DIVISION: Husband shall be able to retain all rights which he has in the retirement account and profit sharing account and other forms of investment. [The value of the profit sharing plan at the time of the divorce was $20,106.00. The value of the retirement plan was $1,716.00.] Husband agrees to pay Wife the sum of $2,000 per year for each of the next four years to assist Wife in her tuition, books and other school expenses. This sum can be paid quarterly. Payment for the first quarter is due September 15, 1986.

The parties have offered their house in Great Falls for sale. Out of the net sales proceeds, Husband shall be entitled to pay his parents the remaining sum due on the loan which the parties borrowed for part of the down payment. This sum, however, may not exceed the sum of $2,000. Husband may also reimburse himself for the amount of attorney fees which he has paid Wife's attorney under the provision of this agreement labeled attorney fees [$850.00]. The remaining balance shall be equally split between the parties.

- 3 -

. . .

8. MODIFICATION OF AGREEMENT: Husband and Wife agree that except as to provisions involving child custody, support and visitation this Agreement may not be modified by any subsequent Court order following the divorce, except on express written acknowledged consent of the parties.

9. WAIVER OF PROPERTY RIGHTS: All property received and retained by the parties pursuant hereto shall be the separate property of the respective parties, free and clear of any right, interest or claim of the other party, and each shall have a right to deal with and dispose of his or her separate property, as fully and effectively as if the parties had never been married.

10. MUTUAL RELEASE: Subject to the provisions of this Agreement, each party by this Agreement for himself or herself, his or her heirs, legal representatives, executors, administrators, and assigns, releases and discharges the other of and from all causes of action, claims, rights or demands, whatsoever which either of the parties ever had or now has against the other.

The parties also agreed that:

In the event any party breaches the terms of this agreement in the future, the prevailing party in any court proceeding shall be awarded his or her attorney fees from the other party.

On November 2, 1987, the husband petitioned the court to modify the spousal maintenance provisions set out above. On January 27, 1988, a hearing was held on that motion and on October 11, 1988, the District Court issued an order modifying the Decree of Dissolution. This order deprived the mother of all spousal maintenance and the $2,000.00 per year for her tuition and other college expenditures. The mother appeals that order.

## Modification of Court Decree

Rick Robertson contends that the payments to Patti Robertson constitute maintenance and not a property settlement, and that, therefore, the court should modify the agreement because it was unconscionable. The statute governing this premise is § 40-4-208, MCA (1987).

> Modification and termination of provisions for maintenance, support, and property disposition. (1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to installments accruing subsequent to actual notice to the parties of the motion for modification.
>
> (2) . . . (b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:
>
> (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable;

However, § 40-4-201(6), MCA (1987), as referred to in the above statute directs us that

> Except for terms concerning the support, custody, or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides. (Emphasis added.)

Under the statutes, the District Court does have the power to reopen a prior decree on the grounds of unconscionability if the support at issue is child support, custody, or maintenance that is not integrated with a property settlement.

. . .

> The property disposition provisions of a dissolution decree may only be modified where the parties give their written consent or where the agreement is subject to rescission or modification under the general law governing all contracts.

- 5 -

In re Marriage of Richardson (1985), 214 Mont. 353, 693 P.2d 524.

Patti Robertson entered into a property settlement and gave up the right to any future support beyond four years of college and the six months thereafter. She relinquished claims against Rick Robertson's retirement, savings and profit sharing accounts acquired during the marriage. These accounts were subject to discovery at the time of the dissolution and Patti Robertson had the right to implement full discovery procedures. On December 31, 1986, those accounts showed the following balances: Employee Stock Ownership Plan $20,106.00 and Carpenter's Retirement $1,716.00. Patti gave up that right her claim to those funds as consideration for the exchange promise from Rick Robertson that he would pay her tuition of $2,000.00 per year ($167.00 paid monthly) and payments of $250.00 per month in lieu of that property.

The couple had agreed that Rick would sell the family home in which they were living and from the proceeds of that sale he would repay Patti Robertson's attorney fees of $870.00. They were to have split the remainder of any proceeds after all expenses were paid. After the dissolution was final, Rick moved out of the home which they purchased for $54,000.00. Patti had moved out before the dissolution. In its vacant state it sold for $47,000.00. Rick did not divide the proceeds with Patti quite as he agreed. He himself received "$3,000.00 or so" from the sale, paid the $870.00 attorney fees and gave Patti $1,000.00.

It is clear to this Court that the wife's monthly payments were an inseverable part of a property settlement arrangement. The obligation was undertaken by the husband in exchange for the wife's forbearance in regard to the property of the marital estate. This Court in Washington v.

Washington (1973), 162 Mont. 349, 356, 512 P.2d 1300, adopted the rule that

> . . . if support provisions have been made an inseverable part of the agreement between husband and wife to divide their property, and the court in the divorce action approves the agreement, the provisions of such agreement cannot thereafter be modified without the consent of both of the contracting parties.

It is obvious here as it was in Washington, 162 Mont. at 354, 512 P.2d at 1303, that one cannot sever the maintenance provision from the property settlement agreement between the parties without destroying the contract.

We hold that the contractual property agreement was not subject to modification and the District Court erred in so modifying.

Timeliness of Appeal

The husband contends that the judge's oral comments made during the hearing of January 27, 1988 constituted the entry of final judgment. Husband's counsel argues that there was no doubt what the court ordered and that the husband relied on that order and stopped paying maintenance at that time. The written order of the court was issued October 11, 1988. Patti appealed shortly thereafter. Husband argues that Patti should have appealed within 30 days of the January hearing.

Pursuant to Rule 77(d), M.R.Civ.P., notice of entry of judgment must be served by the prevailing party upon all parties who have made an appearance in the cause. Hankinson v. Picotte (Mont. 1988), 766 P.2d 242, 45 St.Rep. 2259. It is the filing of the notice of entry of judgment that begins the running of the time limits for filing a notice of appeal. Hankinson, supra; Morrison v. Higbee (1983), 204 Mont. 501, 668 P.2d 1029. If no notice of entry of judgment has been served on the losing party, the right to appeal has not

expired. Haywood v. Sedillo (1975), 167 Mont. 101, 535 P.2d 1014. Unless post-trial motions are made by a party under Rule 52 or 59, M.R.Civ.P. the appealing party is not required to adhere to the 30 day period for filing a notice of appeal until proper service of notice of entry of judgment is made. Hankinson, supra. Pierce Packing Co. v. District Court (1978), 177 Mont. 50, 579 P.2d 760.

The record before us indicates that no entry of judgment was served by the prevailing party as required under Rule 77. Since it is necessary for this step to be taken before the time limit for the appeal begins to run, the appeal was timely. The time limitations had not yet begun to run.

Moot Issue

The next issue raised is whether, as the District Court found, there was a change in circumstances so substantial and continuing as to make the original custody and property settlement agreement spousal maintenance provisions unconscionable.

Because we hold that the decree in this case cannot be modified as above stated, this issue is moot.

Attorney Fees

The property settlement agreement incorporated in the decree provides for attorney fees to the prevailing party when any party breaches the terms of the property settlement agreement. Wife is entitled to attorney fees here and in the District Court.

The order of the District Court is reversed and the original decree is reinstated. Attorney fees on remand to the wife as the prevailing party.

_____
Justice

We Concur:

- 8 -

J. A. Turnage

John Conway Harrison

William E. Hunt

Fred J. Weber

Justices