No. 96-029

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

BARBARA O. KING,

      Petitioner and Respondent,

   v.

TRUDY KING, Personal Representative of the
Estate of HUGH G. KING, BUD KING CONSTRUCTION
COMPANY, a Montana Corporation, KING MOUNTAIN
ROCK, a Colorado Corporation, KING LOGGING,
a Montana Corporation, and SUNRISE SILVER
MINES, INC., a Montana Corporation,

      Respondents and Appellants.

FILED

MAY 29 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

          David B. Cotner, Cynthia K. Staley;
Boone, Karlberg & Haddon, Missoula, Montana

     For Respondent:

          Sherman V. Lohn; Garlington, Lohn & Robinson,
Missoula, Montana

Submitted on Briefs:  May 2, 1996

Decided:  May 29, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Trudy King, Personal Representative of the Estate of Hugh G. King (the Estate), appeals from the opinion and order of the Fourth Judicial District Court, Missoula County, denying her motion to modify the Estate's monthly maintenance obligation. We affirm. The following dispositive issue is raised on appeal:

Did the District Court err in concluding that the separation agreement precludes modification of the maintenance award?

Hugh G. King (Hugh) and Barbara O. King (Barbara) were married in 1965 and their marriage was dissolved in 1990. The parties entered into a separation agreement which provided that Barbara would receive $3,000 per month in maintenance for five years and $3,500 per month thereafter. The maintenance obligation continues "for the duration of [Barbara's] life" and does not terminate in the event of her remarriage.

Hugh died in July of 1992, and his daughter Trudy was appointed personal representative of his estate. Before his death, Hugh began construction of a golf course near Frenchtown, Montana. According to the Estate, the golf course has been unprofitable and has become a drain on the Estate's resources as well as the resources of the Bud King Construction Company. Accordingly, on behalf of the Estate, Trudy filed a motion to substitute the Estate as the proper party to the dissolution action and sought to terminate the maintenance obligation based on "substantial financial problems" and changed circumstances. Barbara filed a brief in opposition asserting that under the terms of the separation agreement the maintenance provision was non-modifiable.

2

Following the submission of additional briefs and oral argument, the District Court concluded that the maintenance obligation was not modifiable, and, on that basis, issued its opinion and order denying the Estate's motion to terminate maintenance. The Estate appeals from this determination.

In reviewing a district court's conclusions of law we determine whether the court's interpretation of the law is correct. Stratemeyer v. Lincoln County (Mont. 1996), ___ P.2d ___, 53 St.Rep. 245, 246 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04). The Estate argues that the District Court erred in concluding that the separation agreement precluded modification. In addition, the Estate asserts that the separation agreement is ambiguous and that the parties intended for the agreement to be modifiable. Finally, the Estate asserts that if the Court determines that the separation agreement is non-modifiable then a mutual mistake has occurred. We are unpersuaded by each of the Estate's arguments.

Barbara asserts that the maintenance obligation is an integral part of the property division and cannot be modified without the consent of the parties. In addition, she argues that the separation agreement contains a valid and enforceable modification clause which requires the written mutual consent of both parties. The District Court agreed with Barbara on both theories. The court determined that the modification clause requires the written mutual consent of the parties and, independently of the modification provision of the agreement, a maintenance requirement which is an

3

integral part of the property distribution cannot be modified without the consent of the parties. Since, based on our case law, we hold that a maintenance provision which is an integral part of the property distribution is not modifiable without the consent of the parties, we do not reach the question of the correct interpretation of the modification provision of the parties' agreement.

In its opinion and order the District Court noted that:

However, while the Court is deeply concerned with the current financial difficulties the Estate is experiencing as a result of Mr. King's unfortunate business decision, *Mrs. King's monthly maintenance represents her equitable interest in the marital assets* as they existed at the time of the 1990 dissolution decree and, as such, she is as valid a creditor against the Estate under the terms of the Agreement as is any other creditor. [Emphasis added.]

The District Court stated that although Hugh's decision to construct a restaurant and golf course may have been an unfortunate business decision, the decision was exclusively Hugh's and that it is not unconscionable to require him, and subsequently his estate, to shoulder any losses. The District Court also found that:

The parties' intent that *lifetime monthly maintenance and use of the Canyon Gate home represented Mrs. King's interests in the marital property* is evidenced in the Recitals . . . . This intent is further evidenced by the fact that the businesses were actually joined as parties to the dissolution proceeding, reflecting the nature of the businesses as integral to the marital estate, and the further fact that the property division provision of the Agreement provided in relevant part:

It is agreed that none of the corporations . . . shall be required to disburse any assets. Said corporations shall remain intact in its [sic] present form with its [sic] present officers, present directors,

4

and shareholders. Wife releases and relinquishes all rights, title, claim, and demand in any property which belongs to these corporations . . . . [Emphasis added.]

Thus, it is clear that the District Court held that the maintenance provision was, in fact, a means to provide Barbara with her equitable interest in the marital assets without dissolving the various corporate entities owned or controlled by Hugh.

When the parties label a provision in the separation agreement as "maintenance," this Court is not bound by that label. Hopper v. Hopper (1979), 183 Mont. 543, 550, 601 P.2d 29, 33. That is, if the maintenance award is an integral part of the property distribution and that was the intent of the parties at the time of the agreement, the district court may find that the maintenance award is part of the property division and cannot be modified without the consent of the parties. Washington v. Washington (1973), 162 Mont. 349, 354, 512 P.2d 1300, 1302-03.

In Washington, this Court considered a maintenance provision which was to continue for nine years and did not terminate upon remarriage. The Court determined that the support provision could not be severed from the property settlement agreement without destroying the contract. Washington, 512 P.2d at 1302-03. We noted that in consideration of the agreement, the wife "relinquished all claims against property owned by the husband." Washington, 512 P.2d at 1303.

Similarly, in the instant case, the separation agreement between the parties specified that the maintenance obligation "shall continue for the duration of [Barbara's] life." The

5

agreement also provided that:

> [N]one of the corporations . . . shall be required to disburse any assets. Said corporations shall remain in its [sic] present form with its [sic] present officers, present directors, and shareholders. Wife releases and relinquishes all rights, title, claim, and demand in any property which belongs to these corporations . . . .

Thus, our analysis in Washington is applicable here. The maintenance provision was intended to provide the wife's equitable interest in the marital estate.

In In re Marriage of Robertson (1989), 237 Mont. 406, 773 P.2d 1213, this Court stated "it is clear to this Court that wife's monthly payments were an inseverable part of a property settlement arrangement. The obligation was undertaken by the husband in exchange for the wife's forbearance in regard to the property of the marital estate." Marriage of Robertson, 773 P.2d at 1216. In the instant case, based on the separation agreement and the arguments presented, the District Court determined that the maintenance obligation represented Barbara's equitable interest in the marital assets. As in Washington and Marriage of Robertson, the maintenance provision was integral to the property settlement and, absent the consent of the parties, is not modifiable. Marriage of Robertson, 773 P.2d at 1216; Washington, 512 P.2d at 1302-03.

Accordingly, we determine that the District Court correctly denied the Estate's motion to terminate the maintenance obligation.

Affirmed.

W. William Bryhurst
Justice

6

We concur:

_____

_____
Karla M. Gray

_____
William Hunt

_____
Terry Trieweiler
                    Justices

7

May 29, 1996

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

David B. Cotner, Esq.; Cynthia K. Staley, Esq.
Boone, Karlberg & Haddon
P.O. Box 9199
Missoula, MT   59807-9199

Sherman V. Lohn, Esq.
Garlington, Lohn & Robinson
P.O. Box 7909
Missoula, MT   59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy