IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-548

FILED

JUN 25 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF N.K.O. and Z.J.M.
YOUTHS IN NEED OF CARE

)
)   O P I N I O N
)        A N D
)     O R D E R
)
)

Appellant, the natural mother of N.K.O. and Z.J.M. filed an appeal from the order of the Thirteenth Judicial District Court, Yellowstone County, terminating her parental rights. The State responded by moving this Court to dismiss the appeal based on lack of jurisdiction.

On April 19, 1994, the District Court issued its findings of fact, conclusions of law; and order terminating Appellant's parental rights. At the same time, the District Court also terminated the parental rights of the fathers of N.K.O. and Z.J.M. One of the fathers was named in the order by his correct last name but an incorrect first name. Judgment was entered in favor of the State on this same day.

On April 20, 1994, notice of entry of judgment was properly served upon Appellant's counsel of record and the guardian ad litem of the children.

On April 27, 1994, the District Court issued "Amended Findings of Fact, Conclusions of Law, and Order," which corrected the clerical error, substituting the father's correct first name for the incorrect first name used in the original findings, conclusions, and order. No other changes were made.

After the issuance of the amended order, the State did not notify Appellant of entry of the amended judgment.

On September 5, 1995, seventeen months after the District Court terminated Appellant's parental rights, Appellant served notice of entry of the amended order upon the State and, on the

same day, filed a notice of appeal from the amended order on the basis of Rule 5, M.R.App.P.:

> [I]n **cases** where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment; but if the State of Montana, or any political subdivision thereof, or an officer or agency thereof is a party <u>the notice of appeal shall be filed within 60 days from the entry of the judgment or order or 60 days from the service of notice of the entry of judgment.</u>

Rule 5(a) (1), M.R.App.P. (emphasis added). Appellant contends that the State never entered the amended judgment and, therefore, the 60-day period in which she might appeal this case did not begin to run until the amended judgment was entered, which was done by her attorney in September of 1995.

In support of her position, she directs the attention of this Court to several decisions where we have held that the time for filing a notice of appeal never begins to run if the prevailing party never serves notice of entry of the judgment. <u>See</u> El-Ce Storms Trust v. Svetahor (1986), 223 Mont. 113, 724 P.2d 704; Kenny v. Koch (1987), 227 Mont. 155, 737 P.2d 491; In re Marriage of Robertson (1989), 237 Mont. 406, 773 P.2d 1213; Hankinson v. Picotte (1988), 235 Mont. 143, 766 P.2d 242. These decisions are all distinguishable, however, in that each one presented a situation where no notice of entry of judgment was <u>ever</u> filed or, in the alternative, notice of entry of judgment was filed very late and an appeal instituted within the prescribed period thereafter.

In the case at bar, the State properly notified Appellant when judgment was entered, which was done the same day the original order was handed down. One week later, however, the District Court

issued an amended order which corrected the mistake regarding the father's name. Appellant argues that the State was required to enter judgment again after the amended order issued and notify her of the entry of the new judgment. Only after that was done, she argues, did her time to appeal begin to run. Since her attorney entered the amended judgment in September, 1995 and she filed her notice of appeal within sixty days thereof, she argues that this Court should hear her appeal. We disagree.

The error which necessitated an amended order in this case clearly was clerical in nature. The father had been listed by an incorrect first name, and the amended order rectified this mistake without making any other change to the existing order. It is well-established that a district court may correct a clerical mistake at any time. Rule 60(a), M.R.Civ.P. provides:

> Clerical mistakes in judgments, orders or other parts of the record, and in pleadings, and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Appellant argues, however, -that the proper way to correct such errors is by an order *nunc* pro *tunc*, which interlineates the error and notifies the parties to the change made, not by issuance of an "amended" order. Appellant further argues that "in any proceeding to correct a clerical error or to use *nunc* pro *tunc* thereon [sic], a motion must be filed requesting this relief, and this must be served on the adverse party who has a right to appear thereon. This just cannot be done in the absence of any notice." On the contrary, it can.

Rule 60(a), does not require notice or a motion to rectify a clerical error. It provides that a district court may correct the error of its own initiative after such notice, if any, as the district court may order. Further, the order which makes such a correction need not be specifically denominated a nunc pro tunc order. The error may also be corrected by issuance of a new order which does not contain the clerical error and entirely replaces the old order. In re Marriage of Winn (1982), 200 Mont. 402, 412, 651 P.2d 51, 56; In re Marriage of Cannon (1985), 215 Mont. 272, 275, 697 P.2d 901, 902. That is precisely what was done in this case.

This Court has acknowledged that "the District Court has inherent power to correct clerical errors in its own judgments in order to ensure the record 'speaks the truth' and reflects what the court actually decided." In re Marriage of Becker (1990), 244 Mont. 469, 476, 798 P.2d 124, 129 (citation omitted). We have never held that such clarification requires re-entry of judgment or tolls the time in which a party may file an appeal. While we have held that a party's failure to enter notice of entry of judgment at all may prevent the filing period from running, that was not the situation here.

Appellant was properly notified of entry of judgment in this case. At that time, the time in which she might pursue an appeal began to run. The District Court's correction of a single clerical error one week later did not require the State to re-enter the judgment in order to keep the appeal clock running. It was incumbent upon Appellant to file a notice of appeal within sixty days of the entry of judgment. Since she failed to do so,

4

IT IS HEREBY ORDERED that the appeal in this matter is dismissed.

IT IS FURTHER ORDERED that the Clerk of this Court mail a copy of this order to counsel of record.

DATED this 25TH day of June, 1996.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices