No. 04-046

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 185

ANGIE KRUCKENBERG, Trustee, et al.,

     Plaintiffs and Appellants,

   v.

CITY OF KALISPELL,

     Defendant and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                   In and For the County of Flathead, Cause No. DV 2002-601(C),
                   Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

     For Appellants:

          Richard DeJana, Richard DeJana & Associates, Kalispell, Montana

     For Respondent:

          Charles A. Harball, City Attorney, Kalispell, Montana

                        Submitted on Briefs:  May 4, 2004

                                Decided:  July 13, 2004

Filed:

_____
                      Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Angie Kruckenberg, et al. (collectively Kruckenberg), appeals the District Court's ruling in favor of the City of Kalispell (Kalispell). We reverse and remand.

¶2 We restate the issues on appeal into one issue. The issue on appeal is whether the District Court lost jurisdiction when the notice of entry of judgment was filed.

Factual and Procedural Background

¶3 Each of the appellants in this matter are private landowners within or near Kalispell with property boundaries contiguous to an approximately ten-acre parcel which was annexed into Kalispell and rezoned. After annexation, the property zoning was changed from R-1, Suburban Residential, to R-4, Two-Family Residential. Kruckenberg filed a complaint which alleged generally that the annexation of the property was illegal and void and, because of the illegal annexation, Kalispell lacked authority to zone or approve a subdivision of the property. The specific counts contained in the original complaint were entitled as follows: Count I: General allegations; Count II: Declaration of illegal annexation; Count III: Declaration of illegal zoning; Count IV: Declaration of improper approval of subdivision; Count V: Declaration that ordinance 1438 is illegal and void; and Count VI: This action has been brought because the city of Kalispell has failed to enforce interests significant to its citizens.

¶4 Kalispell filed a motion to dismiss (pursuant to Rule 12(b)(6), M.R.Civ.P.) for failure to state a claim upon which relief may be granted. Kruckenberg then filed a motion for summary judgment "determining that the annexation of the property at issue was illegal and

void and determining that because of the illegal annexation the City of Kalispell lacked the authority to zone or approve a subdivision of the property." After Kalispell answered, Kruckenberg filed a motion that was both a supplement to her motion for summary judgment and a motion for judgment on the pleadings. Kalispell filed its response. Both sides briefed the issues. Kruckenberg filed a second motion for judgment on the pleadings requesting that the court grant partial summary judgment determining that zoning of the property at issue was void for failure to follow Kalispell's regulations. Kalispell filed its response.

¶5 The District Court entered an "Order and Rationale on Motions for Summary Judgment and Judgment on the Pleadings" which denied Kruckenberg's motion for summary judgment and the first and second motions for judgment on the pleadings. The court granted summary judgment in favor of Kalispell regarding Kruckenberg's standing to challenge the annexation. The court determined that Kruckenberg did not have standing because Kruckenberg did not own property in the area annexed. Kruckenberg also claimed that Kalispell violated the Kalispell Municipal Code because it did not comply with the zoning notice requirements in Kalispell Municipal Code § 27-30-030. The court concluded that this code section applies only to property already in the city which is proposed for rezoning. Because the property at issue was newly-annexed property, the Kalispell Code section did not apply, only the Montana Code applied. The court determined that Kalispell fully complied with the applicable § 76-2-303, MCA, hearing and notice requirements.

¶6 Kalispell proceeded to file a notice of entry of judgment. Approximately two weeks after the notice of entry of judgment was filed, Kruckenberg filed a motion to amend the

3

original complaint. The District Court granted this motion and Kruckenberg filed an amended complaint. The amended complaint added the owner of the annexed property as a defendant and also added two new counts to the previous six counts. These new counts were entitled: Count VII: The development of the property should be set aside; and Count VIII: Because of the actions of the City and Owl Corporation specific defendants are more particularly damaged.

¶7 Approximately three weeks after the amended complaint was filed, the court entered an order nunc pro tunc in which it stated that the court had previously entered an order "which fully and finally disposed of [the] case in favor of [Kalispell]." Although Kruckenberg's motion to amend the complaint was unopposed, the court stated that, when it granted the motion, it was unaware that Kalispell had filed a notice of entry of judgment. The court cited *Hankinson v. Picotte* (1988), 235 Mont. 143, 766 P.2d 242, and concluded that it no longer had discretionary authority to grant leave to amend because the court lost subject matter jurisdiction when Kalispell filed the notice of entry of judgment. The court determined that the order allowing Kruckenberg to file the amended complaint was void and should be stricken. Kruckenberg appeals the nunc pro tunc order. Although the dissent states that the appeal is also from the summary judgment order, this order is appealed from in the alternative *if* the nunc pro tunc order is determined to be a Rule 54 certification. Because we determine that the jurisdictional issue addressed in the nunc pro tunc order is determinative, the alternative basis is not ripe for appeal. We reverse and remand.

4

¶8    Did the District Court lose jurisdiction when the notice of entry of judgment was filed?

¶9    In its order nunc pro tunc, the court stated that "[o]nce a notice of entry of judgment is filed, the Court no longer has discretionary authority to grant leave to amend, the Court loses subject matter jurisdiction and the time for appeal begins to run." We do not need to address the question of whether the initial summary judgment order was final and appealable unless the District Court was correct in its nunc pro tunc order that it lost jurisdiction to allow the amended complaint. For the reasons set forth below, we conclude that the District Court's nunc pro tunc order is appealable and that the District Court erred in concluding that it did not have jurisdiction to allow the amended complaint. That determination is dispositive of this appeal.

¶10   We review a district court's conclusion that it lacks jurisdiction to determine whether the court is correct. *Alpine Buffalo, Elk & Llama Rch. v. Andersen*, 2001 MT 307, ¶ 22, 307 Mont. 509, ¶ 22, 38 P.3d 815, ¶ 22. The filing of the notice of entry of judgment begins the running of the time limitations for filing a notice of appeal. *Hankinson*, 235 Mont. at 146, 766 P.2d at 243-44. "[T]he filing of an appeal to this Court stays all proceedings in the district court, thereby removing jurisdiction from that court to proceed further in the matter." *McCormick v. McCormick* (1975), 168 Mont. 136, 138, 541 P.2d 765, 766. It is the "appeal to this court [that] divests the district court of jurisdiction over the order or judgment from which the appeal is taken. Thereafter the lower court is without jurisdiction to proceed upon

5

any matter embraced therein." *McCormick*, 168 Mont. at 138, 541 P.2d at 766 (citation omitted).

¶11 Kruckenberg argues that since the court did not certify the summary judgment order as final under Rule 54, M.R.Civ.P., the order was not a final appealable order. Because the court's summary judgment order only addressed two of the many issues raised in the complaint, Kruckenberg claims the court did not issue a final judgment and the nunc pro tunc order was thus issued in error. Nonetheless, since the nunc pro tunc order characterizes the summary judgment order as final, Kruckenberg appeals from that order.

¶12 Reviewing the court's determination that it lost jurisdiction once the notice of entry of judgment was entered, we determine that the court's conclusion was incorrect. *Alpine Buffalo, Elk & Llama Rch.*, ¶ 22. At the time the motion to file an amended complaint was granted, the trial court still had jurisdiction over the case. Although the filing of a notice of entry of judgment starts the clock running for the time to appeal, it does not divest the District Court of jurisdiction. *Hankinson*, 235 Mont. at 146, 766 P.2d at 243-44. The court is not divested of jurisdiction until a notice of appeal is filed. *McCormick*, 168 Mont. at 138, 541 P.2d at 766. The subsequent nunc pro tunc order stating that the order to allow the amended complaint was void was based on a mistaken interpretation of law. *McCormick*, 168 Mont. at 138, 541 P.2d at 766. The court continued to have jurisdiction to allow for an amended complaint. We reverse the court's determination that it did not have jurisdiction to entertain a motion for an amended complaint. *Alpine Buffalo, Elk & Llama Rch.*, ¶ 22.

6

¶13   Despite the District Court's declaration in the order nunc pro tunc that the previously entered summary judgment order fully and finally disposed of the case in favor of Kalispell, all issues raised in the original complaint were not resolved (e.g., the subdivision issues have standing requirements, pursuant to § 76-3-625, MCA, which are separate and distinct from the standing requirements regarding annexation).

¶14   The only issue that is ripe for appellate review is whether the court lost jurisdiction upon the filing of the notice of entry of judgment. We determine that it did not. We reverse the court's conclusion that it lost jurisdiction, reinstate the order allowing the amendment to the complaint, and remand for further proceedings on the amended complaint and all remaining issues.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM RICE

Justice Patricia O. Cotter, dissenting.

¶15 I respectfully dissent. I would reach the merits of the District Court's Order of Summary Judgment in favor of the City of Kalispell, and affirm.

¶16 I concur in the Court's conclusion that the District Court erred in its determination that it lost jurisdiction over the case once the Notice of Entry of Judgment was filed of record. However, I would nonetheless reach the merits of the District Court's Order of Summary Judgment. The propriety of the Order of Summary Judgment is properly before us, as the plaintiffs explicitly appealed both from the Order *Nunc Pro Tunc* and from the Order of Summary Judgment in their Notice of Appeal. Reaching the merits, I would conclude that the end result of the District Court's Order *Nunc Pro Tunc*, which was the striking of the prior order allowing the amendment to the complaint, and the indication that the case was previously fully adjudicated on the merits, was correct.

¶17 The Court maintains that the Order of Summary Judgment was not final because all issues raised in the original complaint were not resolved. ¶ 13. I disagree. Although plaintiffs now contend there were issues left unresolved by the summary judgment Order, this is not the position they took in the District Court. It was the plaintiffs who contended that there were no genuine issues of material fact. It was the plaintiffs who sought summary judgment on the basis that, because the annexation was illegal and void, the City of Kalispell lacked jurisdiction to either zone or subdivide property over which it had no authority. In other words, plaintiffs' zoning and subdivision arguments hinged entirely upon their contention that the City lacked jurisdiction to undertake the annexation. If the District Court

8

was correct that plaintiffs had no standing to contest the annexation, it follows that they had no standing to contest the City's jurisdiction. This would mean that their lack of jurisdiction arguments would fail, and so, in turn, would their ensuing claims. The only other issue raised by the plaintiffs before the court entered its summary judgment ruling was with respect to whether notice was properly given before the public hearing on the initial zoning of the property. The District Court ruled on this issue as well.

¶18 When the District Court granted summary judgment to the City of Kalispell, it correctly determined that the plaintiffs did not have standing to challenge the annexation because Kruckenburg and the other plaintiffs did not own property in the area annexed. Collateral attacks on annexations are not allowed by those who do not have standing to directly challenge them. *O'Donnell Fire Serv. & Equipment v. Billings* (1985), 219 Mont. 317, 711 P.2d 822. Moreover, the court also correctly determined that the City of Kalispell fully complied with State law regarding notice of the public hearing for initial zoning of the property. For the reasons set forth above, between these two rulings the District Court resolved all issues raised by the plaintiffs and argued in their Motion for Summary Judgment and Motion for Judgment on the Pleadings. Because the plaintiffs affirmatively alleged there were no genuine issues of material fact for the District Court to resolve, the District Court did not err in proceeding to enter a final judgment in favor of the City of Kalispell.

¶19 The plaintiffs' lack of standing to challenge the annexation will not change, regardless of the character of the amendments they seek to add to their Complaint against the City of

9

Kalispell.  For this reason, I see no reason to reverse and remand for further proceedings.

I would therefore affirm.


/S/ PATRICIA O. COTTER

Justice James C. Nelson joins in the concurrence and dissent of Justice Patricia O. Cotter.


/S/ JAMES C. NELSON

Justice Jim Regnier joins in the concurrence and dissent of Justice Patricia O. Cotter.


/S/ JIM REGNIER