No. 83-322

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF
ANN MARIE LORGE,

Petitioner and Respondent,

and

ROGER WILLIAM LORGE,

Respondent and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable James M. Salansky, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Murray, Kaufman, Vidal & Gordon; Marshall Murray,
Kalispell, Montana

For Respondent:

E. Eugene Atherton, Kalispell, Montana

Submitted on Briefs: September 8, 1983

Decided: January 6, 1984

Filed: JAN 3 - 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Roger William Lorge (the husband) appeals from an order of the District Court of Flathead County, requiring him to convey certain real property free of all liens to Ann Marie Lorge (the wife), awarding attorney fees to the wife, and stating that the parties' property settlement agreement would be set aside and a hearing held to determine division of the marital assets if the husband failed to convey the property and pay the attorney fees. We reverse in part the order of the district court.

The wife petitioned for dissolution of the marriage in January, 1979. On July 30, 1981, the parties executed a property settlement agreement which stated that they had separated in 1977. The agreement purported to make a final settlement of all claims either party might have against the other.

Paragraph 6 of the agreement sets forth the division of marital property. Subparagraph 6(g) provides that a certain tract of jointly-owned real property in Flathead County was to be conveyed to the wife within 90 days of the date of the agreement free of any liens and encumbrances. There was no provision in the agreement regarding enforcement or attorney fees.

The Decree of Dissolution of Marriage was entered the following day. The court approved the agreement in the July 31, 1981 decree:

> "[T]he parties having resolved all property and custody disputes on the morning of trial and having represented to the Court, on the record, the nature of such resolution . . . and the Court having duly considered the custody and property settlement agreement previously filed herewith and finding it reasonable, not unconscionable and approving same; . . ."

No further reference is made to the agreement. The court did not specifically incorporate the provisions of the agreement into the decree.

A $10,350 mechanic's lien dated August 28, 1979 encumbered title to the property that was to be conveyed to the wife. Summons and complaint for foreclosure of the mechanic's lien were served on the husband by the lienholder on August 5, 1981. The 90 days within which the husband had agreed to convey clear title to the property to the wife expired in October, 1981.

On December 21, 1981, the wife petitioned the court to enforce the settlement agreement by compelling the husband to convey clear title to the property to her. She also asked for reasonable attorney fees and costs incurred in the enforcement action. On May 27, 1983, approximately 17 months after the date on which the enforcement petition was filed and 19 months after the agreed date on which the husband was to have conveyed clear title to the property, the court issued the following order:

> "It is hereby ordered that Respondent shall, before June 1, 1983, convey unto Petitioner herein Tract 2J in the Northeast Quarter of the Southwest Quarter of Section 11, Township 28 North, Range 22 West, M.P.M., according to his agreement in the Marital Property Agreement executed between the parties on July 31, 1981 and made a part of the original Decree of Dissolution herein on June 31, 1981. When conveyed, said property shall be free and clear of any and all liens whatsoever.
>
> "It is hereby further ordered, that Respondent shall, before June 1, 1983, pay to E. Eugene Atherton, P. O. Box 1796, Kalispell, Montana, the sum of $580.00, as and for attorney fees incurred by Petitioner in bringing her action to enforce the Property Settlement Agreement.
>
> "If Respondent shall fail to comply with either or both of the above orders by June 1, 1983 then, in such event, this Court will thereupon promptly order the Decree of Dissolution previously rendered herein on July 31, 1981 to be set aside as it relates to the unconscionability of the Property Settlement Agreement that was attached thereto and incorporated therein by reference and shall thereupon set a further hearing to determine the

3

division of the marital assets between the parties."

From this order, the husband appeals the provisions pertaining to attorney fees and conscionability of the settlement agreement. The first part of the order, which enforces paragraph 6(g) of the agreement, is not challenged on appeal.

Two issues are presented:

1. Did the District Court err in awarding the wife attorney fees incurred in bringing an action to enforce the property settlement agreement?

2. Did the District Court abuse its discretion by ordering the property settlement agreement to be set aside if husband failed to comply with its order to convey the property free and clear of liens?

I.

The husband argues that because the agreement is a private contract, was not incorporated into the decree, and contains no provision for enforcement or fees, the court's award of attorney fees to the wife is without basis and clearly erroneous.

Paragraph 10 of the settlement agreement provides that the "agreement may be submitted to the Court in the proceedings for dissolution of marriage . . . for approval, and that the same may be incorporated in any decree of dissolution given by said Court with the provisions of this Agreement made on order in said decree, to be performed by the parties." Neither party appealed the decree, which specifically approved but did not incorporate the provisions of the agreement.

Section 40-4-201(4), MCA provides:

"(4) If the court finds that the separation agreement is not unconscionable as to disposition of property or maintenance and not unsatisfactory as to support:

4

"(a) unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them; or

"(b) if the separation agreement provides that its terms shall not be set forth in the decree, the decree shall identify the separation agreement and state that the court has found the terms not unconscionable."

Section 40-4-201(4), MCA permits parties to choose whether the terms of their agreement shall be set forth in the decree. If this is done, the agreement is enforceable as a judgment as well as a contract, and attorney fees are statutorily authorized. Sections 40-4-201(5), 40-1-110, MCA; Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 769, 38 St.Rep. 927, 931-32.

Here the court identified the separation agreement and stated that its terms were not unconscionable. The agreement did not provide "that its terms shall not be set forth in the decree," but the parties did not request that it be incorporated into the decree. The court followed the procedure prescribed in subsection 40-4-201(4)(b), MCA. It identified the agreement and stated that the court found the terms to be "reasonable, not unconscionable." It did not set forth the terms of the agreement in the dissolution decree.

At the May 3, 1983 enforcement hearing, the court reiterated that the agreement had not been incorporated into the 1981 decree:

"THE COURT: I don't think that was made part of the decree . . . It [the separation agreement] is not incorporated. It is approved." Transcript at 17-18.

On May 19, 1983, the wife petitioned the court for an order nunc pro tunc adding the following language to the 1981 decree:

"The custody and property settlement agreement previously filed herein is adopted by reference and made a part of this decree; the parties hereto are ordered to comply with its terms and conditions."

5

No ruling was made on the record concerning this petition, and no order nunc pro tunc issued.

When the terms of an agreement are not set forth in the decree, the agreement retains the status of a private contract and the remedies for the enforcement of a judgment are not available. Commissioners' Note, Annot. to section 40-4-201(4), MCA.

Both parties concede that their property settlement agreement contains no provision for attorney fees and that there is no contract between them that provides for such an award. Since the agreement was not raised to the status of a judgment by incorporation into the decree, the wife's remedies are limited to those available under contract theory. Her right to attorney fees must stand or fall upon the provisions of the agreement and contract law.

Section 27-1-311, MCA specifies that the measure of damages for the breach of contract is the amount which will compensate the aggrieved party for all the detriment that was proximately caused or that would ordinarily be likely to result from the breach. Section 28-3-704, MCA provides for mutuality of obligation for attorney fees. Where one party has an express right to recover attorney fees from the other party to a contract, both parties are deemed to have the same right of recovery. Absent a statute or a contractual provision specifically providing for recovery, attorney fees are generally not recoverable. Sliters v. Lee (Mont. 1982), 641 P.2d 475, 476, 39 St.Rep. 453, 455.

Here, there is neither contract nor statutory authorization for the award of attorney fees. We reverse the award of $580 for attorney fees incurred by the wife in bringing her action to enforce the property settlement agreement.

6

The husband also appeals from that part of the order which states the court would set aside the parties' property settlement agreement as unconscionable and set a hearing to distribute the marital assets by court order if the husband failed to comply with the other two provisions of the enforcement order. He argues that compelling conveyance and payment of attorney fees in this manner constitutes an abuse of discretion.

Section 40-4-201(2), MCA imposes a duty upon the court to inquire into the conscionability of the property settlement agreement before it is approved:

> "In a proceeding for dissolution of marriage . . ., the terms of the separation agreement, . . . are binding upon the court <u>unless</u> <u>it</u> <u>finds</u> . . . <u>that</u> <u>the</u> <u>separation</u> <u>agreement</u> <u>is</u> <u>unconscionable</u>." (emphasis added)

The district court specifically considered the question of conscionability in 1981. It entered a decree stating that the court had duly considered the property settlement agreement, found it "reasonable, not unconscionable" and approved it. No evidence challenging the conscionability of the agreement was offered at the wife's enforcement hearing.

Modification of a property disposition is governed by section 40-4-208(3), MCA, which provides:

> "The provisions as to property disposition may not be revoked or modified by a court, except:
>
> (a) upon written consent of the parties; or
>
> (b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."

As noted by Justice Sheehy, dissenting in part, in <u>Hadford v. Hadford</u> (Mont. 1981), 633 P.2d 1181, 1187, 38 St.Rep. 1308, 1316:

> "The court may relieve a party under section 40-4-208(3)(b), MCA from a final judgment or order for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, intrinsic and extrinsic fraud, misrepresentation, misconduct, and

'any other reason justifying relief from the operation of the judgment.' Rule 60(b), M.R.Civ.P."

No facts indicating the existence of any of the conditions specified by Justice Sheehy in Hadford were set forth in the wife's petition, nor presented at the show cause hearing. As was the case in In re the Marriage of Gibson (Mont. 1983), 671 P.2d 629, 632, 40 St.Rep. 1780, 1784:

> "The District Court made no findings or conclusions indicating that there were conditions that justified reopening the 1979 decree. No evidence of oppression, fraud or malice was presented at the show cause hearing."

We hold that, absent evidence justifying reopening the decree and absent proper findings, the District Court abused its discretion by ordering the Lorge settlement agreement set aside if the husband failed to comply with the court's enforcement order.

We reverse the provision of the court's order awarding attorney fees and setting aside the agreement as unconscionable for lack of compliance. We remand the cause to the District Court for amendment of its order in accordance with this opinion and for such further proceedings as may be appropriate in the light of this opinion.

_____
Justice

We concur:

_____

_____

_____
Justices

8

Justice John C. Sheehy, dissenting:

I dissent because the majority does not give any direction to the district court or remand on how to afford relief to the wife. The majority tells the wife she is stuck with a decree that does not incorporate the settlement agreement. Without the protection of an incorporated agreement in a decree, enforcible as a judgment, there is little the district court can do to aid the wife and prod a husband who is flouting the court and the wife on terms he and the wife had agreed to as proper. The wife is only further delayed here.

Larger than the effect of delaying wife's relief (and that is serious in itself) is the effect this decision will have on other cases.

Contrary to what is said in the majority opinion, the district court did not follow section 40-4-201(4), MCA, when it entered the original judgment as far as the property settlement agreement is concerned. In subdivision 4(a), it is required ". . . unless the separation agreement provides to the contrary, its terms shall be set forth in the decree . . ." Here the district court had a statutory duty to incorporate the terms of the property settlement agreement. When the agreement is silent as to incorporation, there is no choice given to the court or the parties. The statute requires incorporation in that event. Such a provision is a protection to the parties, especially to a wife.

The wife ought not to be foreclosed from the protective provision of subdivision 4(a) because the district court missed its duty in the first instance. "That which ought to have been done is regarded as done, in favor of him to whom and against him from whom performance is due." Section 1-3-220, MCA. Equity regards as done what ought to have been

- 9 -

done.  Shook v. Woodard (1956), 129 Mont. 519, 290 P.2d 750; Montana Power Co. v. Federal Power Commission (CA 9, Mont.) (1964), 330 F.2d 781.  Dissolution of marriage is an equitable proceedings.

Because in this case, under the statute, the district court should have incorporated the agreeement in the decree, I would hold that wife is now entitled to all available means of enforcing her rights under the agreement, including contempt proceedings, execution, specific performance, and damages for breach.

For the same reasons, I would hold wife is entitled to attorney's fees and costs under section 40-4-110, MCA, which is a statutory grant in dissolution cases independent of any contractual provisions.

John C. Shehy
Justice

- 10 -