No. 86-157

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
GEORGE R. HANGAS,

        Petitioner and Appellant,

   and

JANE H. HANGAS,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Snavely and Phillips; Robert J. Phillips, Missoula,
        Montana

    For Respondent:

        Datsopoulos, MacDonald & Lind; David B. Cotner,
        Missoula, Montana

---

Submitted on Briefs: August 14, 1986

Decided: October 2, 1986

Filed: OCT 2 - 1986

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Petitioner George Hangas appeals orders of the Fourth Judicial District Court denying petitioner's motion to set aside the parties' marital and property settlement agreement and granting attorney's fees to respondent Jane Hangas. We affirm the District Court.

The parties were married on December 16, 1967, in Billings, Montana. One child, Tyler, was born of the marriage on August 7, 1969. Jane was graduated from the University of Montana in 1968 with a teaching certificate. George also attended the university but withdrew prior to his graduation to manage a gas station. George and Jane determined that it would be best for Tyler if Jane devoted all her time to rearing Tyler thereby foregoing employment outside the home.

The Hangas family moved to Missoula in 1971. George and Jane purchased a home near Missoula from George's father in 1974. The purchase price was $48,000, with $8,000 down.

At approximately the same time, the parties began operating a business known as "Tanzer Kennels", which provided boarding for dogs and cats. George constructed the kennels with the construction costs covered in part by a mortgage and with $9,000 contributed by Jane from an inheritance.

The kennel business was operated primarily by Jane and had a monthly net income of about $490 through September, 1984. During the parties' marriage, George held numerous jobs including store manager, insurance salesman, and car salesman. In 1983, George ventured into the cattle business and sustained a loss of approximately $17,000. A loan was

2

taken out in that amount from Security State Bank in Polson, Montana, to cover the loss.

George filed a petition for dissolution October 12, 1983. The parties' marriage was dissolved by a decree entered March 19, 1984, with all issues but dissolution reserved for a later hearing. Subsequently, the parties attempted to negotiate a property settlement. Contrary to his attorney's advice, George decided to deed the parties' real property and kennel business to Jane, in order to secure a quick settlement.

A hearing was scheduled September 24, 1984, to determine temporary maintenance, child support, and payment of the parties' debt obligations. Shortly before the hearing was scheduled the parties met in the courthouse and reached a verbal agreement which was to be reduced to writing by Jane's attorney. A copy of the marital and property settlement agreement was prepared and sent to George on October 1, 1984. George consulted with his attorney and requested that three items in the agreement be amended. The parties reached agreement concerning the amendments and the amended marital and property settlement agreement was signed by George on October 18, 1984. The following month George informed his attorney he was not satisfied with the settlement agreement.

The amended marital and property settlement agreement was incorporated into the supplementary decree of dissolution entered by the district judge on January 4, 1985. George filed a motion to amend judgment on February 8, 1985, alleging the agreement to be unconscionable. Following a hearing on February 28, 1985, the district judge set aside the supplemental decree of dissolution. The judge determined that George had knowingly entered the agreement but he could

3

not determine if it was unconscionable without taking evidence regarding the parties' economic circumstances.

A hearing was held January 14, 1986, and evidence submitted to the court concerning the parties' financial condition. On January 20, 1986, the district judge entered an order finding the settlement agreement to be valid; the agreement was incorporated into the supplementary decree of dissolution entered February 10, 1986. Finally, on March 13, 1986, the district judge ruled that Jane was entitled to attorney's fees pursuant to the settlement agreement. George appeals and raises the following issues:

1. Did the District Court err in ruling that the parties' marital and property settlement agreement was not unconscionable?

2. Did the District Court err in finding that the Petitioner had knowingly entered into the parties' marital and property settlement agreement?

3. Did the District Court err in ruling that Jane H. Hangas, Respondent and Respondent on appeal, was entitled to an award of attorney's fees?

George contends that the property settlement agreement is unconscionable because the equities awarded to Jane amounted to $37,980, while the liabilities assumed by George exceed the value of his assets by $12,900. Further, Jane received the income producing kennel business while George is required to pay $200 monthly child support. The record shows that George's gross yearly income was $32,000 at the time he signed the agreement. At present, Jane is not qualified to hold a position which would pay greater than minimum wage. Further college education would be required to update her teacher's certificate.

The District Court found that the disproportionate distribution of property in favor of Jane is not unconscionable because it operates in lieu of maintenance, provides Jane with a reasonable way to earn a living, and the property distribution was proposed by George. We agree with the District Court. While the disparity of $50,000 in the property distribution may appear inequitable on its face, the record reveals substantial credible evidence supporting the distribution. The debt of $16,000 assigned to George arose out of his cattle venture. George initially suggested deeding the parties' real property to Jane, and in fact, George purchased a new residence for himself and his new wife a month prior to signing the agreement.

The monthly expenses for the minor child were found to be $605. The court ordered George to pay $200 monthly child support, after taking into consideration the factors listed under § 40-4-204, MCA. We find no abuse of discretion by the District Court in determining the child support award.

George takes issue with the valuation placed on certain items of property, particularly the real property, awarded under the agreement. In In Re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 42 St.Rep. 623, this Court held that when conflicting evidence is presented concerning the valuation of property, the trial court must indicate the basis for the values adopted.

In the present case, the trial court placed a value of $84,130 on the parties' real property. The property's appraisal was $89,500. A deduction was made for commission. The court's finding is supported by the record.

George also disputes the $5,750 valuation for furniture, dogs, and household goods adopted by the District Court, and contends those items are worth $10,000. The failure of the

5

On February 8, 1985, George filed a motion to alter or amend judgment, asserting a mistake of fact and that he did not knowingly approve the final version of the property settlement agreement. This contention raised the question of enforcement of the agreement. Hearings held on February 25 and 28, 1985, addressed this issue. The District Court ruled that George made a knowing and voluntary execution of the agreement.

George temporarily prevailed in setting aside the agreement because a hearing had not been held on values. However, he ultimately failed in attacking the agreement and fees are awarded to the party who is ultimately successful. Jordan v. Elizabeth Manor (1979), 181 Mont. 424, 593 P.2d 1049. The District Court did not err in awarding attorney's fees to Jane.

Judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

7

District Court to identify the basis for adopting the $5,750 figure is harmless error in this instance. The pertinent issue addressed by the District Court was whether the property settlement agreement was unconscionable. The $4,250 discrepancy in the parties' valuation of these items does not affect conscionability.

The next issue raised by George is whether he knowingly entered into the parties' marital and property settlement agreement. George asserts he signed the agreement believing that it was merely a step in the negotiation process, and that at the time he signed it he left a list of changes he wanted made, but his attorney never incorporated these changes according to his wishes.

The District Court found that George was under stress at the time he executed the agreement yet not such as to deprive him of his ability to act intelligently, and that he was fully advised by his attorney including a recommendation that George not approve the property settlement agreement. There is substantial credible evidence in the record supporting these findings. George was competently represented by an attorney with twelve years experience. The settlement agreement was revised twice, once upon demand by George, before the final document was executed. The language in the agreement is quite clear that the document is a final determination of the marital property distribution.

Finally, George contends the District Court erred in awarding attorney's fees to Jane. The court made the award pursuant to the following provision in the property settlement agreement: "Should any action be commenced to enforce, modify or interpret any provision contained herein, the court, as a cost of suit, shall award a reasonable attorney's fee to the successful party."

6