No. 87-83

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN RE THE MARRIAGE OF
JULIE J. GERLEMAN,

         Petitioner and Appellant,

   and

GARY L. GERLEMAN,

         Respondent and Respondent.

_____

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Hull & Sherlock; David N. Hull, Helena, Montana

   For Respondent:

      J. C. Weingartner, Helena, Montana

_____

Submitted on Briefs:  June 4, 1987

**AUG 19 1987**       Decided:  August 19, 1987

Filed:

_Ethel M. Harrison_
_____
              Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Julie Gerleman appeals a Lewis and Clark County District Court order which denies her motion to set aside the property settlement in this dissolution of marriage case. The issue on appeal is whether the court erred in denying her motion where she agreed to the property settlement without knowing the value of certain assets of the husband, respondent Gary Gerleman, or that those assets formed part of the marital estate. We affirm.

In November 1975, the parties were married in Helena, Montana. In March 1984, following marital difficulties, the parties signed a "Custody, Support and Property Settlement Agreement." They apparently reached agreement as to division of their marital assets after consulting with counselors at a Family Teaching Center. The agreement divided the marital assets between the parties. The agreement states that each of the parties warranted that there had been a full disclosure of assets. An attorney prepared the agreement but neither party received advice from an attorney. In April 1984, the District Court issued its order dissolving the marriage and incorporated the agreement as part of the decree.

Section 40-4-201, MCA, provides for the type of agreement the parties executed. That statute provides in part:

> (1) To promote amicable settlement of disputes between parties to a marriage attendant upon their separation for the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them, and

support, custody, and visitation of their children.

(2) In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

In November 1986, the wife moved to set aside the child support and property settlement provisions of the divorce decree. She alleged the husband had committed fraud and/or misrepresentation at the time the agreement was executed. She complained that she was not informed of the husband's retirement program, his stock shares in the company he worked for, or his actual income. The parties have stipulated that, at the time of the dissolution, the District Court was not aware of the husband's actual income, retirement program or stock shares.

In December 1986, the District Court ruled against the wife, declined to change the property settlement and held that Gary had not committed fraud or misrepresented his assets or income. This appeal followed.

The provisions of a property settlement may be modified under § 40-4-208, MCA. This Court recently stated:

"The court may relieve a party under section 40-4-208(3)(b), MCA from a final judgment or order for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, intrinsic and extrinsic fraud, misrepresentation, misconduct, and 'any other reason justifying relief from the

3

> operation of the judgment.' Rule 60(b), M.R.Civ.P." (Citation omitted.)

In Re Marriage of Lorge (Mont. 1984), 675 P.2d 115, 118, 41 St.Rep. 50, 55.

The wife asserted that she had been misled as to the husband's income, his retirement program and fund with his employer and his shares of stock in his employer company. The District Court addressed the allegations of fraud and misrepresentation and stated:

> [W]hen Julie's motion was heard on December 18, 1986, she testified that she knew that Gary was making $36,000 per year at the time and which she concedes <u>was</u> his actual income. She testified that the parties used his base rate of $26,000 per year for the purpose of negotiating the agreement, which did not include the amount he had made for overtime work. However, she testified several times that she knew what his actual income was. . . . [W]hen she took the stand, Julie testified that when the agreement was negotiated, she knew he had a retirement program and a retirement fund with his company, American Telephone and Telegraph Company and that she knew that he had shares of stock in that company. . . . Julie also had retirement benefits from her job which she received. Gary took his and she took hers. (Emphasis in original.)

The court concluded that there was no fraud or misrepresentation and that the agreement was not unconscionable.

The wife does not challenge the court's findings of fact. Given those findings (that the wife knew of the assets and the income), we affirm the court's denial of the wife's motion.

The wife's principal complaint is that the lower court approved the property settlement agreement (as it was required to do under § 40-4-201, MCA, upon finding that the agreement was not unconscionable) without knowing of the existence of the disputed items, which were properly part of the marital estate. Appellant overlooks the fact that in December 1986, when the court was aware of the disputed items, the court still found that there was nothing on the face of the agreement which makes it appear to be unconscionable. Moreover, substantial evidence supports the finding that there was no fraud nor misrepresentation. We defer to the District Court's ruling.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5