No. 89-633

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

DONNA LOU PORTER,

    Petitioner and Respondent,

  and

THOMAS MICHAEL PORTER,

    Respondent and Appellant.

**FILED**

MAR 12 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Don Torgenrud, Esq., Harrison & Torgenrud, P.C.,
Missoula, Montana

    For Respondent:

        Douglas G. Skjelset, Esq., Missoula, Montana

Submitted on Briefs: October 19, 1990

Decided: March 12, 1991

Filed:

_Clerk_

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The husband, Thomas Michael Porter (Tom), appeals from the property distributed to the parties by the District Court of the Fourth Judicial District, Missoula County, in this marital dissolution action. We affirm.

The issue raised on appeal is whether the District Court abused its discretion in valuing and distributing the property of the parties.

Tom and Donna Porter were married at Seeley Lake on November 17, 1984. Two years later, in November, 1986, they separated for a seven-month period, then reconciled in May, 1987. After the reconciliation, they lived together for over one year before Donna filed the present action for dissolution in September, 1988.

When Tom and Donna married, Tom owned Leisure Lodge Resort in Seeley Lake, which he and his first wife, Lona, had purchased in May, 1983 for $160,000. Tom paid $50,000 in cash at the time of the purchase. The balance was carried by the seller. Lona's claim on the property was settled at the time of the dissolution of her marriage with Tom.

With the exception of the seven-month separation, Donna worked at the lodge without compensation. She reserved rooms for customers, bought supplies, cleaned rooms, laundered linens and towels, tended bar, pumped gas, rented boats, cooked meals, maintained the yard and kept books. Tom also worked at the resort, helping with many of the tasks performed by Donna.

2

Tom's three children of his first marriage, Tom, Jr., Alvin and Christina, who were aged 20, 18 and 13 respectively in 1984, helped out at Leisure Lodge while they resided there. Gradually, all three left the lodge, and by 1985 none were living with Tom and Donna. Lewis, Donna's son from her prior marriage, worked and resided at the lodge throughout the duration of the marriage.

Thanks to Tom's and Donna's efforts, substantial improvements were made to the resort. Among other things, the couple constructed a new roof, rebuilt the main lodge, added a new septic system and remodeled two cabins.

In May, 1988, Tom sold Leisure Lodge for $275,000. The buyer paid $75,000 down, most of which went toward commissions, taxes and other closing costs. In the wrap-around contract for sale, the buyer assumed Tom's outstanding $85,944 loan on the property and agreed to pay $1,102 per month to First Interstate Bank as escrow agent, which in turn remitted the payments to Tom.

Tom used the remaining proceeds received from the down payment from the sale of the lodge--approximately $29,000--as a down payment on a house in Seeley Lake for Donna and himself. The total purchase price of the home was $53,500.

About the same time Donna filed this action for dissolution, Tom assigned the monthly payments from the sale of the lodge to his three children. At trial, Tom attempted to prove that, prior to the purchase of Leisure Lodge, he had a verbal agreement with his children that they would receive the proceeds from the sale of the

3

resort. The District Court rejected this testimony and found that no such agreement existed.

After trial, the court issued findings of fact, conclusions of law and decree of dissolution. The court valued the property of the parties and concluded that Donna was entitled to $51,000, one-third of the estate, for her efforts as a homemaker, as well as for her contributions toward maintaining and improving the property. It ruled that her interest would be satisfied by one-half of the equity received from the sale of the Seeley Lake home and by the $7,000 worth of personal property she held in her possession. The balance of her share, secured by the contract for the sale of Leisure Lodge, was to be paid by Tom at a rate of $350 per month plus 10 percent interest. Tom received the remaining two-thirds of the estate.

Tom appeals, contesting this property disposition.

Tom first argues that the District Court abused its discretion by rejecting his valuations of the parties' personal property and adopting Donna's instead.

The trial court sits in the best position to judge the credibility of the testimony proffered by the parties to a dissolution action. Because the District Court has had the opportunity to observe the demeanor of the witnesses, we defer to its resolution of any conflicting evidence. Unless an abuse of discretion can be shown, we will not disturb the district court's findings concerning the valuation of property, even if the evidence

4

conflicts, as long as those findings are based on substantial credible evidence. In Re the Marriage of Milesnick, 235 Mont. 88, 95, 765 P.2d 751, 755 (1988).

In this case, Tom and Donna both testified to the value of the personal property. The District Court chose to adopt Donna's valuations, specifically noting that her estimates were more credible. The court did not abuse its discretion in rejecting Tom's estimates over Donna's.

Tom also contends that the District Court abused its discretion in failing to discount the contract for the sale of the lodge to present value. In In Re the Marriage of Summerfelt, 212 Mont. 332, 336, 688 P.2d 8, 11 (1984), we held that "the present day fair market value of a contract for deed, rarely, if ever, equals the principal balance due thereon." While we still adhere to this rule, it must be balanced against the principle that the valuation of property must be based upon some evidence presented by the parties. See Milesnick, 235 Mont. at 94-95, 765 P.2d at 755.

In this case, the only evidence of the value of the contract for deed was found in the escrow papers, which were appended by stipulation of the parties as a joint exhibit after trial. Tom neglected to offer any evidence of either the present day value of the contract for deed or the rate at which the contract should be discounted. Instead, he claimed that the contract belonged to his children and was not part of the marital estate.

5

The District Court rejected this contention and based its valuation of the contract on the balance due of the principal as reflected in the escrow papers. Because this was the only evidence presented pertaining to the value of the contract, the District Court did not abuse its discretion in failing to discount the contract to present value.

Next, Tom argues that the District Court erred in its findings regarding his ability to acquire assets in the future.

At trial, Tom testified that he had previously earned $20 per hour as a draftsman with a company in Chicago. He claimed, however, that he was no longer able to continue this line of work because he did not have the education to do so. In spite of this testimony, the District Court found that Tom was "able to make high wages as an electrical draftsman."

The court did not abuse its discretion in ignoring Tom's testimony that he could no longer pursue his former profession. Tom's attitude during the proceedings tainted his credibility. The court could have properly viewed everything Tom said with skepticism in light of his testimony that Donna "used as much as she earned" and was "not entitled to anything further than what she has already taken."

Finally, Tom claims that the distribution of the property was inequitable.

The district court possesses far-reaching discretion in dividing the property of the parties to a marital dissolution

action. This Court will not overturn a property division supported by substantial credible evidence absent a clear abuse of discretion. In Re the Marriage of Stewart, 232 Mont. 40, 42, 757 P.2d 765, 767 (1988).

The evidence reflected that during most of the marriage, Donna worked long, hard hours serving guests and improving the resort property. Partially through her efforts, Tom was able to sell the lodge for much more than he paid for it. The District Court distributed the property by giving one-third to Donna and two-thirds to Tom. This was not an abuse of discretion.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7