No. 92-143

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF:

BEATRICE BECKER,

      Petitioner and Appellant,

  and

RODERICK R. BECKER,

      Respondent and Respondent.



FILED

NOV 2 3 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Karl P. Seel, Attorney at Law, Bozeman, Montana

    For Respondent:

        Helene Orenstein, Attorney at Law, Bozeman, Montana

Submitted on Briefs:  August 20, 1992

Decided:  November 23, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Beatrice Klein, formerly Beatrice Becker (wife), appeals the final judgment of the District Court for the Eighteenth Judicial District, Gallatin County, entered on November 19, 1991. We affirm the District Court's decision.

The issues raised on appeal are as follows:

1. Was the District Court correct in limiting testimony on remand to that associated with determining the value of the marital real property?

2. Were the findings of fact and conclusions of law relating to child support and marital property erroneous?

3. Was there a lack of due process and fundamental fairness which would warrant remand of this cause for further consideration by the District Court?

The parties to this appeal were previously before this Court in Cause No. 89-585, In re the Marriage of Becker (1990), 244 Mont. 469, 798 P.2d 124 (Becker I). As the original facts applicable to this litigation are outlined in Becker I, repetition here is unnecessary. Additional facts relevant to this appeal can be summarized as follows.

Four issues were presented to us in Becker I. We held the District Court did not err with regard to three of those issues. As to the fourth, we held the District Court misinterpreted a confusing property appraisal and improperly valued the marital real property at $42,550. We remanded that portion of the case to the District Court for further consideration.

Upon remand, the District Court revalued the marital real

2

property at the time of dissolution. In arriving at its valuation, the District Court considered testimony from two real estate appraisers, Jerry Gossel and Gary France. Based upon this testimony, the District Court concluded the appropriate value of the property at the time of dissolution in June 1984 was $27,500.

The District Court also refused to entertain any testimony, or consider any evidence, pertaining to the valuation of the marital personal property or computation of child support. The District Court concluded, as a matter of law, that its jurisdiction upon remand was limited to the valuation of the marital real property in 1984. It is from the District Court's refusal to consider the entire property division and the lowered valuation of the marital real property that wife appeals.

I.

Was the District Court correct in limiting testimony on remand to that associated with determining the value of the marital real property?

The wife contends the District Court should have considered all issues pertaining to division of marital property upon remand. However, this contention conflicts with our instructions to the District Court. The issue we remanded reads, "[d]id the District Court abuse its discretion in valuation of the marital real property?" Becker I, 798 P.2d at 128 (emphasis added). Moreover, our entire analysis in Becker I addresses this issue from the standpoint of valuation of the marital real property. In light of our instructions, we hold the District Court did not err in

3

limiting testimony to that associated with redetermination of the value of the marital real property.

## II.

Was the District Court's adherence to the prior determination of child support and valuation of marital property erroneous?

The wife next argues the amount of back child support assessed against her and the valuation of marital property were not supported by the record. She claims the District Court erred in its conclusions relating to the value of the marital personal property and the amount of child support.

In Becker I, we addressed these issues in a different context. In responding to the wife's contention that the District Court had no authority to modify the dissolution decree based upon res judicata, we held that the District Court had sufficient grounds to modify the property settlement agreement reached between the parties because they had circumvented the authority of the District Court. Becker I, 798 P.2d at 127-28. In addition, we held the District Court did not err in allowing the husband a credit for child support payments rather than his wife's share of the real property. Becker I, 798 P.2d at 128.

In addressing issues previously before this Court, we have long held that the doctrine of the law of the case applies to those issues on subsequent proceedings and appeals. When

> this Court on appeal affirms in part the judgment of the
> District Court, and remands for reconsideration other
> parts of the appeal, those parts of the judgment which
> are affirmed become the law of the case and are binding

4

upon the trial court and the parties in subsequent proceedings on remand.

City of Missoula v. Mountain Water Co. (1989), 236 Mont. 442, 446, 771 P.2d 103, 105.

Once a decision has been rendered by this Court on a particular issue between the same parties in a case, that decision is binding upon the courts and the parties and cannot be relitigated in a subsequent appeal. In re the Marriage of Gies (1985), 218 Mont. 433, 434-35, 709 P.2d 635, 636.

Implicit in our holding in Becker I, 798 P.2d at 128, "that the District Court had sufficient grounds to modify the distribution of the assets . . . to allow the husband what he would have received if he had been paid child support payments" is agreement with the valuation assigned to the marital personal property and the amount of child support. Whenever the proceedings are sufficiently broad in their character to include the determination of all issues existing, a party may not make continual application for relief upon the same grounds. American Surety Co. of N.Y. v. Kartowitz (1921), 59 Mont. 1, 6, 195 P. 99, 99. We hold the doctrine of the law of the case applies to the valuation of the marital personal property and computation of child support and those issues will not be addressed.

The wife also claims error in the District Court's revaluation of the marital real property. She contends the District Court's conclusion which placed a gross value of $27,500 on the real property at the time of dissolution is not in accord with our

5

discussion in Becker I. However, the wife misconstrues our first opinion and instructions on remand.

In Becker I, we held the District Court did not abuse its discretion in placing a value of $37,000 on the marital real property for the year 1988. The error upon which this issue was remanded resulted from the District Court misinterpreting the real estate appraiser's analysis as to the value of the real property in 1984. Specifically, in attempting to derive a value for the real property at the time of dissolution in June 1984, the District Court concluded the real property had decreased in value from 1984 until 1988. As a result, the District Court improperly concluded the property was worth more in 1984 than in 1988. We held this conclusion was not supported by the record. Becker I, 798 P.2d at 128. Accordingly, we remanded this portion of Becker I. Becker I, 798 P.2d at 128.

Our instructions on remand were for the District Court to further consider the "valuation of the marital real property consistent with this opinion." Becker I, 798 P.2d at 129-30. Our opinion did not dictate that the District Court was bound by any particular methodology. Upon remand, the District Court held another hearing to determine the value of the real property. Nothing precluded the District Court from doing so. Where a case is remanded without direction or restriction as to the method to be utilized for determining such an issue, "it is for the trial court to determine in its discretion whether the record before it is

6

sufficient for this purpose or whether additional evidence should be taken to supplement the record." Lovely and Laubach v. Burroughs Corp. (1976), 169 Mont. 454, 456, 548 P.2d 610, 612.

Because the District Court Judge who heard this case on remand was not involved in the previous proceedings, he felt it necessary to conduct a hearing rather than base his decisions on the record. Although they used somewhat different methodology, the record reveals that both real estate appraisers who testified were in agreement as to the approximate value of the real property in question. When the findings of the District Court are supported by substantial credible evidence and there is no abuse of discretion, we will not disturb the District Court's findings concerning the valuation of property. In re the Marriage of Porter (1991), 247 Mont. 395, 398, 807 P.2d 192, 194. We hold the appraised value of the real property is supported by substantial credible evidence.

Finally, the wife disputes the amount of debt owing against the real property at the time of dissolution. The record indicates the parties stipulated that the debt against the real property in June 1984, was $20,704. Additionally, petitioner's exhibit number 3, admitted into evidence, supports this stipulation. However, the District Court concluded the debt against the real property in June 1984, was $21,078. The $374 discrepancy does not affect the conscionability of the property settlement and does not require a remand for further proceedings. In re the Marriage of Hangas (1986), 223 Mont. 343, 347, 725 P.2d 1205, 1208.

7

## III.

Was there a lack of due process and fundamental fairness which would warrant remand of this cause for further consideration by the District Court?

The final argument advanced by the wife is nothing more than a rehash of issues previously addressed by this Court. Under the guise of due process and fundamental fairness, the wife attempts to reapply arguments previously presented. Moreover, the wife's brief is devoid of any authority to support her contention that she in some way has been denied due process and fundamental fairness. We hold, contrary to the wife's contentions, that she has been afforded all applicable procedural safeguards throughout the long lifespan of this litigation. As we have stated previously, "there must be an end to litigation, and in this matter it has been reached." Carey v. Wallner (1987), 229 Mont. 57, 61, 744 P.2d 881, 884.

There is no error with the decision of the District Court. The judgment is affirmed.

Chief Justice

8

We concur:

_____
Karla M. Gray

_____
Tom Trieweiler

_____
William E. Hunt Sr.

_____
Justices

9

November 23, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Karl P. Seel
Attorney at Law
1705 West College, Ste. A
Bozeman, MT   59715

Helene Orenstein
Attorney at Law
P.O. Box 1093
Bozeman, MT   59771-1093

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
      Deputy