No. 96-620

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE MARRIAGE OF

JUDITH ANNE SIMONICH,

     Petitioner and Respondent,

  and

JAMES J. SIMONICH,

     Respondent and Appellant.

FILED

MAR 04 1997

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jon A. Oldenburg; Attorney at Law;
        Lewistown, Montana

    For Respondent:

        Arthur W. Ayers, Ayers Law Office,
        Medford, Oregon

Submitted on Briefs: February 6, 1997

Decided:  March 4, 1997

Filed:

_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

On June 26, 1986, the Thirteenth Judicial District Court, Yellowstone County, entered its findings of fact, conclusions of law, and decree, dissolving the marriage of Judith and James Simonich. On February 16, 1994, Judith filed a motion to renew judgment, which included the award of child support and the award of one-half of the attorney fees Judith incurred in obtaining the divorce decree. After several motions, hearings, arguments, and proceedings, which resolved all the issues except the award of attorney fees, the District Court ordered James to file an appropriate motion and brief. James filed a motion for relief pursuant to Rule 60, M.R.Civ.P., in regard to the attorney fees issue. On August 15, 1996, the District Court denied the motion for Rule 60, M.R.Civ.P., relief and granted the renewal of judgment. James appeals this order. We affirm.

The issue on appeal is whether the District Court abused its discretion in denying James's motion for relief pursuant to Rule 60, M.R.Civ.P.

2

FACTUAL BACKGROUND

The marriage between James and Judith was dissolved by judicial decree on June 26, 1986. The District Court, after considering the financial resources of both parties, found that James should pay Judith one-half of her attorney fees and costs incurred, which amounted to $3,087.61.

On February 8, 1989, Judith filed a petition for relief under Chapter 7, Title 11, United States Code, in the United States Bankruptcy Court. In the petition's schedules, Judith listed debt to her attorney in the amount of $3,282. This amount included one-half of the fees and costs from the divorce decree, approximately $3,087, in addition to $195 in unrelated fees. This debt was discharged by the United States Bankruptcy Court, District of Montana. Not discharged by the Bankruptcy Court was the remaining $3,087 owed to Judith's attorneys which represented the amount still owed by James.

The divorce decree sat idle and unenforced, with the exception of child support, until Judith filed a motion to renew judgment on February 16, 1994. This motion included renewing the judgment for James's payment of one-half the attorney fees incurred by Judith in the amount of $3,087.61. On June 21, 1996, the District Court, pursuant to stipulation by the parties, ordered James to file his motion and brief regarding the attorney fees issue. James filed a Rule 60, M.R.Civ.P., motion for relief. On August 15, 1996, the District Court entered its order denying James's motion for relief

pursuant to Rule 60, M.R.Civ.P., and granting Judith's motion for renewal of judgment.

## DISCUSSION

Did the District Court abuse its discretion when it denied James's motion for relief pursuant to Rule 60, M.R.Civ.P.?

The standard of review for a district court's order on a Rule 60(b), M.R.Civ.P., motion is whether or not the district court abused its discretion. *In re Marriage of Laskey* (1992), 252 Mont. 369, 371, 829 P.2d 935, 937; *In re Marriage of Lorge* (1984), 207 Mont. 423, 430, 675 P.2d 115, 118.

James contends that he should not have to pay one-half the attorney fees incurred by Judith, amounting to $3,087.61, as set forth in the District Court's decree, because Judith did not have to pay her half of the attorney fees as a result of her independent bankruptcy action. James further argues that the disputed attorney fees were discharged completely by Judith's filing of bankruptcy because the bankruptcy rules prevent selective payment of creditors to the exclusion of others.

The disputed attorney fees owed by James to Judith attached on the date of the original decree, June 26, 1986. James erroneously argues that because Judith's personal debt of one-half the amount of attorney fees and costs incurred in the divorce decree was discharged by her bankruptcy, he should not have to pay his half of the attorney fees either. James argues further that to require him to pay one-half of the fees to Judith would amount to nothing more

4

than a "windfall" to Judith because her debt to the attorney has been discharged.

James contends that Judith's actions in filing for bankruptcy, listing her half of the attorney fees as scheduled debt, and then seeking payment from James for the remaining half, violates the bankruptcy rules as a selective payment of creditors. This Court does not have jurisdiction to decide bankruptcy issues. Moreover, one-half of the attorney debt was never discharged in bankruptcy. Judith's attorneys were still free to seek payment of this sum and her only recourse was to enforce the decree of dissolution and seek reimbursement from her former husband. This is precisely what she has done. Payment to Judith for this amount will insure that she has the money to pay her attorney.

James asserts that this Court's holding in *In re Marriage of Malquist* (1994), 266 Mont. 447, 880 P.2d 1357, supports his contention. James appears to imply that unless Judith was represented by Montana Legal Services or a pro bono attorney, her attorney cannot collect the fees owed by either Judith or James. This contention is based upon the assumption that the fees owed by James were discharged by the bankruptcy action and that therefore to allow Judith to pursue James for these fees would result in a "windfall" to Judith. As we have previously stated, the bankruptcy action clearly did not discharge the entire attorney fees debt, only one-half. Our analysis of attorney fees in *Malquist* does not directly apply, nor support, James's contention.

5

James's obligation to pay attorney fees in the amount of $3,087.61, as set forth in the District Court's decree, was not discharged by Judith listing her personal obligation to pay one-half of the attorney fees in her petition of bankruptcy and having that debt discharged. The District Court did not abuse its discretion in denying James's motion for relief and granting Judith's motion to renew the judgment.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6