JUSTICE NELSON
specially concurs and dissents.
¶46 I concur in our decision on Issues 1 and 3 and in our discussion under “B. Reasonable Accommodations” at ¶¶ 35-36 of Issue 2. In light of the amendment to Rule 24.9.606(7), ARM, adopted after our decision in Hafner I and discussed in ¶ 32,1 also concur in the substance of our discussion under “A. Legal Standard for Risk of Harm” at ¶¶ 29-34 and “C. Independent Assessment of the Risk of Harm” at ¶¶ 37-41, of Issue 2. With regard to these latter two discussions, however, I would not apply the Mantolete standard in this case but, rather, would apply this standard prospectively only. In my view, the doctrine of the law of the case requires this result.
¶47 In Hafner I, although we concluded that Mantolete provides “useful guidance in relation to pretext” we declined to adopt this standard as controlling. It was in that posture that Hafner I was remanded to the trial court for further proceedings “consistent with [our] opinion.” Hafner, 268 Mont at 406, 886 P.2d at 953. Our subsequent decision in Reeves did not mention Mantolete.
¶48 We recently summarized the law of the case doctrine in Scott v. Scott (1997), 283 Mont. 169, 939 P.2d 998, as follows:
*559 [this] doctrine “expresses the practice of courts generally to refuse to reopen what has been decided. It expresses the rule that the final judgment of the highest court is the final determination of the parties’ rights.” This Court has stated that
[t]he rule is well established and long adhered to in this state that where upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.
Scott, 283 Mont at 175-76, 939 P.2d at 1001-02 (citing Fiscus v. Beartooth Elec. Cooperative, Inc. (1979), 180 Mont. 434, 436, 591 P.2d 196, 197). Moreover, “[w]hether the opinion is right or wrong, it is the law of the case ... and is binding upon us.” Fiscus, 180 Mont. at 437, 591 P.2d at 198 (citation omitted). “Once a decision has been rendered by this Court on a particular issue between the same parties in a case, that decision is binding upon the courts and the parties and cannot be relitigated in a subsequent appeal.” In re Marriage of Becker (1992), 255 Mont. 357, 361, 842 P.2d 332, 334 (citation omitted). Finally, when a case is reversed and remanded for further proceedings “the trial court is not free to ignore the mandate and opinion of the reviewing court, but must proceed in conformity with the views expressed by the appellate court.”Haines Pipeline Const. v. Montana Power (1994), 265 Mont. 282, 290, 876 P.2d 632, 637 (citation omitted).
¶49 In Hafner I, our decision not to adopt the Mantolete standard became the law of the case. As such, our decision determined the rights of the parties on this matter, governed the further progress of the case before the trial court on remand and could not be relitigated in this, the subsequent appeal. In applying the Mantolete standard here instead of the standard set out in § 49-4-101, MCA, as we did in Hafner I, we have clearly (and without explanation) violated the law of the case doctrine.
¶50 It is ironic that, as to Issue 1, we have reversed the trial court for violating the law of the case doctrine and Scott, but that, as to Issue 2, we have, ourselves, simply ignored this same doctrine and controlling precedent. As to the application of the Mantolete standard in the case at bar, I dissent. I concur with the balance of our opinion.